UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERICK LOUIS WILLIAMS,

Plaintiff,

-against-

BREAKING GROUND HOUSING DEVELOPMENT FUND CORPORATION; KAREN WARNER; MUHAMET ISLAMOVIC,

Defendants.

22-CV-8715 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that his former employer wrongfully terminated his employment. By order dated January 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action alleging that his employment was "wrongfully terminated of sexual harassment." (ECF 2, at 2.) He sues Breaking Ground Housing Development Fund Corporation ("Breaking Ground"), his former employer; Karen Warner, a building manager; and Muhamet Islamovic, a supervisor. Plaintiff seeks severance pay and other damages.

The following assertions are taken from the complaint. Plaintiff was employed by Breaking Ground at a building in Upper Manhattan. On March 25, 2022, Plaintiff was falsely accused of improperly touching a woman and violating Breaking Ground's sexual harassment policy. He was later fired from his job. Plaintiff contends that the false accusation made it harder

for him to find employment and constitute "character assassination" and an "attempt to destroy [him]." (*Id*. at 6.)

While Plaintiff's complaint contains few factual allegations, he submits multiple attachments, which include documents he filed with the New York State Department of Labor for unemployment benefits; and a charge of discrimination and letters he submitted to the New York State Division of Human Rights ("NYSDHR"). A decision from the State of New York Unemployment Insurance Appeal Board provides that Plaintiff was employed as a porter by Breaking Ground from December 20, 2021, through March 29, 2022. On March 25, 2022, a case manager from one of Breaking Ground's partners accused Plaintiff of touching her arm as she was leaving the building. She also said that Plaintiff had previously made inappropriate comments about her physical appearance. Plaintiff was fired "for violation of [his] employer's policy by touching the partner company employee." (*Id*. at 14.) In the complaint he filed with the NYSDHR, Plaintiff asserted that he was subject to discrimination, retaliation, and wrongful termination of his employment.[1] He claimed that his accuser subjected him to sexual harassment by making "unwarranted terms of endearment" to him, such as "Good morning Love. Honey. Baby for almost two [] months," and when he reported the conduct to Defendant Warner, she said that the accuser was "just kidding around." (*Id*. at 19.) Plaintiff argued that, because Warner

---

[1] Plaintiff also indicates in his NYSDHR complaint that he was fired for whistleblowing after he reported violations to the Occupational Safety and Health Administration ("OSHA") on February 12, 2022. He attaches to the complaint a letter from OSHA dated February 15, 2022, which stated that OSHA received his "possible whistleblower complaint," and had a conversation with him on February 15, 2022, providing him with information concerning the scope of OSHA's Whistleblower Protection Programs. (*Id*. at 37.) The letter further noted that, because Plaintiff had "not suffered an adverse employment action/termination, related to activities protected under the OSHA Act," OSHA was closing the complaint. (*Id*.) Plaintiff does not allege any facts suggesting that he is bringing this action on the basis of his alleged whistleblowing activities.

was a "good friend" of the accuser, she covered up the accuser's unlawful sexual harassment of him. (*Id.*)

## DISCUSSION

### A. Claims of Employment Discrimination

Plaintiff brings this action invoking the Court's federal question jurisdiction but does not assert a statutory basis for his claims. Because he indicates that he was subject to discrimination in employment the Court will consider whether any of the federal antidiscrimination statutes applies to his claims.

In an employment discrimination action, several antidiscrimination statutes may apply, including Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Title VII prohibits an employer from discriminating against an individual because of his race, color, religion, sex or national origin, 42 U.S.C. § 2000e-2(a); the ADA makes it unlawful for covered employers to discriminate against an otherwise qualified employee on the basis of a disability, 42 U.S.C. § 12112(a); and the ADEA protects an individual from employment discrimination based on his age, 29 U.S.C. § 623(a).[2].

These statutes prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes,

[2] The ADEA protects workers who are at least forty years old from discrimination because of their age. *See* 29 U.S.C. § 631(a) (The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."); *Feldman v. Nassau Cnty.*, 434 F.3d 177, 180 (2d Cir. 2006).

*see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Protected characteristics include an individual's race, color, religion, sex, national origin, disability, or age. Mistreatment at work that occurs for a reason *other than* an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). A plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* The same pleading framework has been applied to disability-based employment discrimination claims under the ADA. *See Ciulla-Notto v. Xerox Corp.*, No. 16-CV-6362, 2017 WL 491688, at *2 (W.D.N.Y. Feb. 7, 2017) (noting that although *Vega* set forth the pleading standard in the context of Title VII, courts routinely use the same framework to analyze claims under the ADA). To plead a cause of action under the ADEA, a plaintiff must allege facts showing that his age was the but-for cause of the employer's adverse employment action. *See Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

Plaintiff does not state any facts suggesting that Defendants (1) violated a federal antidiscrimination statute by treating him differently because of his protected characteristics, or (2) retaliated against him after he opposed discriminatory practices. Although Plaintiff states that

he was fired after he was falsely accused of sexual harassment, he does not allege that the unfair treatment occurred *because of* a protected characteristic. In light of Plaintiff's *pro se* status, the Court grants him leave to replead his employment discrimination claims in an amended complaint.

**B. Claims Against Individuals**

Plaintiff also brings claims against two individual defendants, Karen Warner and Muhamet Islamovic. Individuals are not subject to liability under Title VII, the ADA, or the ADEA. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998); *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2019 WL 6916099, at *7 (S.D.N.Y. Dec. 19, 2019) ("As a matter of law, none of the individual defendants can be held liable under Title VII, the ADA, or the ADEA."); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA."). However, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under state law, such as the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. *Tomka*, 66 F.3d at 1317; *see Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004). Therefore, if Plaintiff chooses to pursue claims against Warner, Islamovic, or any other individual defendant for employment discrimination, he must allege facts explaining how each named individual defendant actually participated in the conduct giving rise to his discrimination claims in violation of state law.[3]

[3] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it " has dismissed all claims over which it has original

**C. Exhaustion of administrative remedies**

Before filing suit under Title VII or the ADA, a plaintiff must file a timely charge with the Equal Employment Opportunity Commission ("EEOC"), and obtain a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating into the ADA the filing requirements for Title VII claims set forth in 42 U.S.C. § 2000e-5); *see also Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012).

A plaintiff suing under the ADEA may file suit in federal court at any time from 60 days after filing the EEOC charge until 90 days after the plaintiff receives notice from the EEOC that the EEOC proceedings are terminated. *See Hodge v. New York Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998) (relying on 29 U.S.C. § 626(d), (e)).

The exhaustion of these administrative remedies is not a jurisdictional requirement, but rather, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Title VII's charge-filing instruction is not jurisdictional. . . ."); *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) ("exhaustion operates as an affirmative defense").

Plaintiff does not explain in his complaint whether he has done anything to pursue his claims under Title VII, ADA, or ADEA, including the exhaustion of his administrative remedies. If Plaintiff has exhausted his administrative remedies with the EEOC, he should complete the

---

jurisdiction." 28 U.S.C. § 1367(c)(3). Because it is not clear whether Plaintiff can state any federal claims, the Court will determine at a later stage whether or not to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

relevant section on the amended complaint form, which includes questions addressing administrative remedy exhaustion.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a viable federal discrimination claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims against his former employer and any other defendants.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[4]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-8715 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[4] Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 17, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge

# Notice For Pro Se Litigants

**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call 212-659-6190 and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________

______________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes ☐ No

______________________________________________

______________________________________________

______________________________________________

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# AMENDED

# EMPLOYMENT DISCRIMINATION COMPLAINT

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City State Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City State Zip Code

Defendant 3:

Name

Address where defendant may be served

County, City State Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

Address

County, City State Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: ______________________

☐ color: ______________________

☐ religion: ______________________

☐ sex: ______________________

☐ national origin: ______________________

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: ______________________________

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: ______________

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: ______________________

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: ______________________

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_______________________________________________

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☐ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): ______________________________

______________________________

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? ______________________________

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? ______________________________

When did you receive the Notice? ______________________________

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

______________________________

______________________________

______________________________

______________________________

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated | Plaintiff's Signature

First Name | Middle Initial | Last Name

Street Address

County, City | State | Zip Code

Telephone Number | Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

________________________________________

________________________________________

Name (Last, First, MI)

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address |
|---|---|

| Date | Signature |
|---|---|

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007