UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERICK L. WILLIAMS,

                Plaintiff,

-against-

BREAKING GROUND HOUSING DEVELOPMENT FUND CORPORATION et al.,

                Defendants.

22-cv-8715 (AS)

MEMORANDUM OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiff Derick Williams says he was fired from his job after reporting sexual harassment and safety violations. Defendants now move to dismiss but largely fail to engage with Williams's factual allegations or the relevant law. As such, the motion to dismiss is, for the most part, denied.

## BACKGROUND

    Derick Williams worked at Breaking Ground as a porter. First Am. Compl. at 18, Dkt. 34. On March 25, 2022, Beth Cologne (a partner organization's employee) complained that Williams touched her arm while she was leaving a Breaking Ground facility and made inappropriate comments. *Id.* at 11. According to Williams, Cologne was walking down the stairs and almost tripped, so Williams "extend[ed] [his] arm," said that he would have picked her up if she fell, and asked how she was feeling. *Id.* at 31. After Cologne's complaint, Karen Warner, a building manager who also happened to be Cologne's friend and roommate, reviewed the surveillance video and then fired Williams "without a[n] investigation" for violating company policy, which prohibits acts of a sexual nature, including touching. *Id.* at 11, 19, 28, 30. Williams says that he didn't touch Cologne. *Id.* at 26, 28. And there had been no prior complaints against Williams, nor any warnings given to him. *Id.* at 11.

    Williams alleges that Warner and Cologne used the false sexual-harassment allegation to "set [him] up [and] to get rid of [him]." *Id.* at 27–28. As it turns out, this was not Williams's first run-in with Cologne. According to Williams, Cologne had been harassing him for almost two months by using terms of endearment such as "love," "honey," and "baby." *Id.* at 19, 32. Williams says that when he brought these comments to Warner's attention, she told him that Cologne was "just kidding around." *Id.* at 19, 24.

    Williams says that his termination was also in retaliation for reporting unsafe conditions to his manager, Warner; his supervisor, Muhamet Islamovic; and OSHA. *Id.* at 17, 22–23, 33, 42–44. Back in February 2022 (just about a month before he was fired), Williams says he told OSHA that Breaking Ground was leaving hazardous, flammable materials in its buildings. *Id.* at 22–23,

33. In addition, Williams had informed Warner and Islamovic that they had "dangerous flammable material in a jug of gas" in one of their buildings. *Id.* at 33. Finally, Williams also says that he was terminated because of his age. *Id.* at 17.

Williams, proceeding pro se, sues Breaking Ground, Warner, and Islamovic. *Id.* at 15, 34–35. Construed liberally, the complaint brings claims for an adverse employment action, hostile work environment, and retaliation in violation of Title VII, New York State Human Rights Law (NYSHRL), and New York City Human Rights Law (NYCHRL) as well as a retaliation claim under New York Labor Law.[1] Defendants now move to dismiss.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Williams proceeds pro se, his complaint "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (citation omitted). Still, pro se plaintiffs are "not relieved of the requirement that they plead enough facts so that their claims are plausible." *Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 434 (S.D.N.Y. 2023).

## DISCUSSION

Defendants' nine-page motion to dismiss largely fails to engage with the complaint's factual allegations or the relevant law. Instead, it asserts that Williams was fired because he allegedly touched Cologne's arm and that Williams therefore lacks any right to relief. But on a motion to dismiss, the Court must take the facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 678. The complaint, construed liberally, alleges that the arm touch was a mere pretense and that in actuality, Williams was fired for complaining about sexual harassment and the company's safety violations. *See, e.g.*, Dkt. 34 at 27 (alleging that Breaking Ground used a false allegation of sexual harassment to "set [him] up [and] to get rid of [him].") Because Defendants fail to engage with the complaint's factual allegations or explain why they do not plausibly give rise to a right to relief, Defendants' motion to dismiss is, for the most part, denied.

---

[1] There is no private right of action for retaliation under the Occupational Safety and Health Act, so the Court does not construe the complaint to bring such a claim. *See Walsh v. Cmty. Health Ctr. of Richmond, Inc.*, 2022 WL 4539264, at *1 (E.D.N.Y. Sept. 28, 2022) (citing *Donovan v. Occupational Safety and Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983)).

## I. Williams's claims are dismissed to the extent they allege individual liability under Title VII or an adverse action based on a protected characteristic.

First, Defendants are correct that a few of Williams's claims must be dismissed. As Defendants point out, "individuals are not subject to liability under Title VII." *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (citation and alteration omitted). As such, Williams's claims are dismissed to the extent that they allege Title VII liability against Warner and Islamovic.

Williams's claims are also dismissed to the extent that they allege that he suffered an adverse action on account of age. Although Williams appears to have checked off a box on one document attached to the complaint stating that he was terminated because of his age, there are no factual allegations in the complaint to support that assertion. There is no reference to Williams's age, any comments about his age, or anything else relating to age. Williams therefore fails to plead factual content that "allows the court to draw the reasonable inference" that Breaking Ground fired him because of his age. *Iqbal*, 556 U.S. at 678. So Williams's claims are dismissed to the extent that they are premised on age discrimination. There is also no allegation that Williams was terminated on the basis of some other protected characteristic, so Williams's claims are dismissed to the extent that they allege he suffered an adverse action on account of a protected characteristic.

## II. Williams's hostile-work-environment and retaliation claims survive.

### A. Williams's hostile-work-environment claims survive.

Liberally construed, Williams's complaint also alleges discrimination on the basis of sex, that is, sexual harassment that resulted in a hostile work environment. "To establish a hostile work environment under Title VII, … a plaintiff must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320 (2d Cir. 2015) (internal quotation marks omitted). Defendants say that Williams's hostile-work-environment claim must be dismissed because the factual allegations—that Williams "was improperly terminated because he was falsely accused of inappropriately touching a female colleague"—"do not satisfy any of the elements for showing a hostile work environment." Dkt. 37 at 8. But those are not the relevant factual allegations for the hostile-work-environment claim; rather, the key factual allegations are that Cologne called him "love," "baby," or "honey" for almost two months, and that Wagner laughed him off when he complained of this conduct. Dkt. 34 at 19, 32. Because Defendants entirely fail to address those allegations or explain why they are insufficient as a matter of law to state a hostile-work-environment claim under federal, state, and local law, the motion to dismiss the hostile-work-environment claims is denied.

### B. Williams's retaliation claims survive.

The complaint, construed liberally, also alleges that Williams was fired in retaliation for (1) reporting sexual harassment and (2) reporting safety concerns to his manager, supervisor, and OSHA. The first claim falls under Title VII, NYSHRL, and NYCHRL. The second claim falls

under New York Labor Law. Because Defendants entirely fail to address the second claim in their motion, that claim survives.

"To establish a prima facie case for retaliation a plaintiff must demonstrate that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action." *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 66 (2d Cir. 1998). Williams alleges that he complained to Wagner that Cologne was sexually harassing him, that Wagner (who was Cologne's friend and roommate) laughed off his concerns, that Cologne then falsely accused him of touching her, and that Wagner then fired him for touching Cologne. Dkt. 34 at 11, 19, 24, 27–28. Once again, Defendants' motion to dismiss entirely fails to engage with these facts. So the motion to dismiss is denied insofar as it alleges that Williams was fired in retaliation for engaging in protected activity.

## CONCLUSION

The motion to dismiss is granted in part and denied in part. To avoid any confusion, the following claims will go forward:

- Hostile-work-environment and retaliation claims against Breaking Ground under Title VII,
- Hostile-work-environment and retaliation claims against all defendants under NYSHRL and NYCHRL, and
- A retaliation claim against all defendants under New York Labor Law.

By separate order, the Court will enter a case-management plan.

The Clerk of Court is directed to terminate Dkt. 36.

SO ORDERED.

Dated: June 6, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge