UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DERICK L. WILLIAMS,                                               :

                                                     :      ORDER
                     Plaintiff,                     22 Civ. 8715 (AS) (GWG)
                                                     :

   -v.-
                                                       :

BREAKING GROUND HOUSING                                           :
DEVELOPMENT FUND CORPORATION et al.,
                                                       :

                    Defendants.               :
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       The defendants' motion to strike plaintiff's jury demand (Docket # 77) is premised on their contention that the jury demand in plaintiff's second amended complaint, see Amended Complaint, filed October 30, 2023 (Docket # 34), is untimely under Fed. R. Civ. P. 38. See Defendants' Memorandum of Law in Support of Defendants' Motion to Strike Plaintiff's Jury Demand, filed September 9, 2024 (Docket # 79) ("Mem."), at *3.[1]

       However, defendants' memorandum never actually discusses how the pertinent language of Rule 38 applies to the filings in this case. Fed. R. Civ. P. 38(b)(1) provides that a party may serve its jury demand on an issue "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). The term "pleading" is defined in Fed. R. Civ. P. 7(a), and includes answers. Thus, if we accept defendants' argument that the "issue" for which plaintiff seeks a jury trial was raised in the original complaint and was not altered in successor complaints, we must measure the 14-day period from whenever defendants served their answer to plaintiff's original complaint or to any successor complaint. This is because the "last" pleading to a complaint under the Federal Rules of Civil Procedure is an answer. See Fed. R. Civ. P. 12(a)(1).

       The problem here is that defendants have never filed (and thus presumably never served) an answer to any of plaintiff's complaints. The only formal response to any of the complaints has been the defendants' motion to dismiss (Docket # 36). A motion to dismiss, however, is not a "pleading" as defined in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 7(a). As a result, case law has consistently determined that a motion to dismiss does not trigger the 14-day

---

[1] Defendants did not fully paginate their memorandum of law. We therefore cite to the page number assigned by the ECF system.

period under Fed. R. Civ. P. 38(b)(1).  See, e.g., 8 Moore's Federal Practice § 38.50[3][b] at 38-210 n.24 (2024) (citing cases).[2]

In the end, because no answer has been filed in this case, it appears the 14-day time period for a jury demand has not begun to run.  If the 14-day period has not begun to run, then the demand for a jury trial (made in the second amended complaint) is timely.[3]

On or before November 8, 2024, the defendants shall file a memorandum of law or letter addressing the issue raised in this Order.  Plaintiff may respond within 14 days thereafter.

SO ORDERED.

Dated: October 25, 2024
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] Defendants did file a letter requesting permission to move to dismiss before they filed their motion (Docket # 21).  But if a formal motion to dismiss does not trigger the 14-day period, then plainly a letter request to make such a motion also does not trigger the 14-day period.

[3] For what it is worth, we note that defendants' answer was due on June 20, 2024, which was 14 days after the decision on defendants' motion to dismiss the second amended complaint (Docket # 46).  See Fed. R. Civ. P. 12(a)(4)(A).