UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DERICK L. WILLIAMS                                              :

                                                            :   <u>ORDER</u>
     Plaintiff,                          22 Civ. 8715 (AS) (GWG)
                                                            :

 -v.-
                                                            :

BREAKING GROUND HOUSING                                         :
DEVELOPMENT FUND CORPORATION et al.,
                                                            :

     Defendants.                       :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

  Defendants Breaking Ground Housing Development Fund Corporation, Karen Warner, and Muhamet Islamovic have moved for summary judgment in this action. <u>See</u> Docket # 117. The Court has reviewed defendants' filings, <u>see</u> Docket ## 117-20, 127, but we see no indication that defendants served on <u>pro se</u> plaintiff Derick L. Williams the notice and other materials required by Local Civil Rule 56.2. Nor have they filed the notice as required by that rule. Under Local Civil Rule 56.2, "[a]ny represented party moving for summary judgment against a party proceeding <u>pro se</u> must serve and file as a separate document" a "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment." The movant must also serve copies of Fed. R. Civ. P. 56 and Local Civil Rule 56.1.

  The failure here is not merely technical, given that Williams never filed a counterstatement to defendant's Rule 56.1 Statement and did not file any sworn statements. We are thus concerned that the failure to serve the Local Civil Rule 56.2 Notice has had serious practical consequences. In any event, the failure to serve a Local Civil Rule 56.2 Notice in a <u>pro se</u> matter by itself has been treated as justifying denial of summary judgment. As the Second Circuit has held, "[t]he failure to give actual notice to a <u>pro se</u> litigant of the consequences of not responding adequately to a summary judgment motion will usually constitute grounds for vacatur." <u>Jova v. Smith</u>, 582 F.3d 410, 414 (2d Cir. 2009); <u>see also</u> <u>Thomas v. Jacobs</u>, 2024 WL 631404, *1 (2d Cir. Feb. 15, 2024) (it is error for a district court to deem inadequate notice harmless when a <u>pro se</u> litigant's submissions do not "demonstrate his clear understanding of the requirements of Rule 56").

  Defendants' motion is thus infirm in its current form. Accordingly, we deem defendants' motion (# 117) and plaintiff's counter-motions (Docket ## 125, 126, and 128) withdrawn. Defendants shall file and serve their motion in proper form on or before October 22, 2025.

Williams' opposition shall be filed on or before November 19, 2025.  Any reply shall be due within 14 days of the filing of Williams' response.[1]

Williams is permitted to adopt his prior opposition papers if he wishes instead of refiling them.  However, as will be made clear by the Rule 56.2 Notice, those papers are not sufficient to oppose summary judgment.  Instead, he is required to submit evidence, with any statement from a witness (including himself) in affidavit form.

Finally, plaintiff is reminded that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 250, New York, New York 10007 (Tel. (212) 805-0175) may be of assistance in connection with court procedures.

SO ORDERED.

Dated: October 15, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] Notwithstanding scattered notations in some — but not all — of their papers that they sent copies of certain papers to plaintiff "via mail," defendants have never filed a certificate of service as required by Fed. R. Civ. P. 5(d)(1)(B)(i).  Defendants shall comply with that rule when the new motion papers are filed.