UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DERICK L. WILLIAMS                                         :

                                                          :        REPORT & RECOMMENDATION
                        Plaintiff,                                 22 Civ. 8715 (AS) (GWG)
                                                          :

      -v.-                                                :

                                                          :

BREAKING GROUND HOUSING                                   :
DEVELOPMENT FUND CORPORATION et al.,

                                                          :

                        Defendants.                      :
-------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

        Defendants Breaking Ground Housing Development Fund Corporation (hereinafter

"Breaking Ground"), Karen Warner, and Muhamet Islamovic have moved this Court for

summary judgment, seeking to dismiss the complaint filed against them by pro se plaintiff

Derick L. Williams.[1]  As narrowed following a motion to dismiss, Williams' complaint brings

hostile-work-environment and retaliation claims against Breaking Ground under Title VII of the

Civil Rights Act of 1964; hostile-work-environment and retaliation claims against all defendants

under the New York State Human Rights Law ("NYSHRL") and the New York City Human

---

[1] See Notice of Motion for Summary Judgment, filed Oct. 15, 2025 (Docket # 131) ("Mot."); Memorandum of Law in Support of Motion for Summary Judgment, filed Oct. 15, 2025 (Docket # 132); Declaration of Dianna D. McCarthy, filed Oct. 15, 2025 (Docket # 133) ("McCarthy Decl."); Defendants' Rule 56.1 Statement, filed Oct. 15, 2025 (Docket # 134) ("Defs.' R. 56.1 Statement); "Motion for Trial by Jury," filed Oct. 23, 2025 (Docket # 138) ("1st Opp."); "Opposition to Defendants['] Motion to Dismiss [sic]," filed Nov. 7, 2025 (Docket # 141) ("2d Opp."); "Motion for Jury Trial," filed Nov. 7, 2025 (Docket # 142) ("3d Opp."); "Motion," filed Nov. 7, 2025 (Docket # 143); "Motion to Demand Jury Trial," filed Nov. 7, 2025 (Docket # 144); Reply Memorandum of Law in Support of Motion for Summary Judgment, filed Dec. 3, 2025 (Docket # 150).

Rights Law ("NYCHRL"); and retaliation claims against all defendants under New York Labor Law ("NYLL").  For the reasons set forth below, defendants' motion should be granted.

I.      BACKGROUND

A. Facts

We begin by noting that defendants submitted a statement pursuant to Local Civil Rule 56.1 containing purported undisputed facts.  See Defs.' R. 56.1 Statement.  Plaintiff filed what seems to be a response to defendants' Rule 56.1 Statement that appears in two different documents: 2d Opp. at *7-*8; and 3d Opp. at *5-*8.[2]  This response cites in some instances to a jumble of documents that are attached to his "Motion for Jury Trial."  See 3d. Opp.  However, many statements made by plaintiff are not comprehensible.  For example, he states "the surveillance video Breaking Ground switch from Derick touch her elbow to unemployment appeal board that why I was terminated for."  2d Opp. at *8.  Other "facts" listed are no more than legal conclusions: e.g., "Breaking Ground denied due process."  Id. at *7.  In keeping with case law, the Court has "disregard[ed]" plaintiff's "legal conclusions or unsubstantiated opinions" contained in his response.  Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, 138 F. Supp. 3d 352, 394 (S.D.N.Y. 2015), aff'd, 945 F.3d 83 (2d Cir. 2019) (citations omitted).

In many instances, plaintiff's statements appear to refer to the exhibits enumerated in the declaration of defendants' attorney.  See 3d Opp. at *16-*17 (reproducing McCarthy Decl.).  Plaintiff's "Motion for Jury Trial" includes excerpts from plaintiff's original complaint, which is not sworn.  See Complaint, filed Oct. 12, 2022 (Docket # 2) ("Compl.").  Also included are a number of other unsworn statements.  The Local Civil Rule 56.2 notice provided to plaintiff, see

---

[2] Citations in the form *___ refer to pages assigned by the ECF system.

Affidavit of Service, filed Oct. 15, 2025 (Docket # 135) ("Aff."), however, explicitly warned

Williams that he had to submit admissible evidence and that he could "NOT oppose summary

judgment simply by relying on the allegations in your complaint," Local Civ. R. 56.2; accord

Belpasso v. Port Auth. of New York & New Jersey, 400 F. App'x 600, 601 (2d Cir. 2010) ("A pro

se plaintiff cannot defeat . . . summary judgment by simply relying on the allegations of his

complaint; he must present admissible evidence from which a reasonable jury could find in his

favor.") (citation omitted).  Nonetheless, even if we were to accept the non-conclusory

allegations in the complaint and other statements provided in plaintiff's "Motion for Jury Trial"

as being sworn, they do not controvert defendants' evidence.

With this in mind, the following facts are undisputed unless otherwise noted.  We cite to

defendants' Rule 56.1 Statement only where it is supported by admissible evidence and has not

been properly controverted by plaintiff.

Plaintiff was employed by Breaking Ground as a porter "from December 20, 2021 until

March 31, 2022."  Defs.' R. 56.1 Statement ¶ 2; see id. ¶ 1.

In February 2022, plaintiff told Islamovic, his supervisor, "that there was a gas can in the

hallway" of a Breaking Ground building.  Id. ¶ 24; see id. ¶ 29.  Islamovic did not "threaten[] to

discipline" him for "reporting the gas can."  Id. ¶ 30[3]; cf. 3d. Opp. at *7 (stating that this is "not

_____

[3] Defendants' 56.1 Statement cites to Warner's affidavit here and elsewhere.  See Affidavit of
Karen Warner, annexed as Ex. J to Defs.' R. 56.1 Statement (Docket # 134-10).  However, while
Warner's "affidavit" is signed, it is not notarized.  Defendants explain that Warner was ill at the
time her affidavit was due, and that her "condition" made it "untenable to have her signature
witnessed by a notary."  Affidavit of Anna Fisher, annexed as Ex. K to Defs.' R. 56.1 Statement
(Docket # 134-11), ¶ 6.  Defendants offer a sworn statement from one of Warner's coworkers
attesting that Warner "reviewed [her] affidavit, assented to its contents, and confirmed its
accuracy" before signing it.  Id. ¶ 4; see id. ¶ 5.  If Warner could sign her affidavit, she could
have signed a statement compliant with 28 U.S.C. § 1746.  But defendants proffer no such
statement.  Because plaintiff cannot prevail on the instant motion regardless of whether we

3

true" but citing to no competent evidence).  Plaintiff also "reported the gas can to OSHA" (the Occupational Health and Safety Administration).  Defs.' R. 56.1 Statement ¶ 26; cf. 3d Opp. at *7 (stating that this is "not true" even though it is alleged in his complaint).  Defendants did not learn of plaintiff's report to OSHA until he revealed it in bringing this action.  Defs.' R. 56.1 Statement ¶ 27; cf. 3d Opp. at *7 (stating, "I don't [k]now about that.").

On March 25, 2022, Colon, who worked in the same building as plaintiff, "reported to Breaking Ground that she did not feel comfortable after plaintiff reached out and touched her arm without her consent as she was going to get lunch."  Defs.' R. 56.1 Statement ¶ 6.  Plaintiff does not appear to contest that he touched Colon, see 2d. Opp. at *8, although he asserts in an unsworn filing that he touched her "just to get her attention" and that the touch was not of a "sexual nature," id.  Colon also reported that plaintiff "made comments about her body and physical appearance on previous occasions, which made her uncomfortable."  Defs.' R. 56.1 Statement ¶ 9.  After investigating Colon's complaint, Breaking Ground determined that plaintiff's conduct "violated . . . harassment and sexual harassment polices within the employee handbook."  Id. ¶ 11.

Defendants' motion papers cite to a video of what they assert to be "the incident where Plaintiff touched Bethzaida (Beth) Colon without her consent, dated March 25, 2022."  McCarthy Decl. ¶ 10 (citing Exhibit H).  The video was transmitted to the Court via the Court's file-transfer service and was served on plaintiff.  Plaintiff repeatedly asserts that defendants "switch[ed]" the security-camera footage of him touching Colon.  See 1st Opp. at *3; 2d Opp. at *3; 3d Opp. at *2-*3.  He states that defendants proffered footage showing him touching Colon's

---

consider Warner's affidavit, we will not consider it or address the issue of whether it could be considered.

"elbow" in separate "unemployment-related" proceedings, while the footage they proffer to the Court shows him touching her "shoulder." 3d Opp. at *2-*3. There is no need to resolve what the video footage actually depicts because, as already noted, plaintiff does not deny touching Colon. See 2d. Opp. at *8.

On March 28, 2022, plaintiff wrote a letter in response to Colon's complaint in which he "accused Colon of calling him 'honey,' 'love,' or 'baby' for almost two months." Defs.' R. 56.1 Statement ¶¶ 12-13; accord 3d Opp. at *5.

Plaintiff admitted at his deposition that he was not offended when Colon, in greeting him, would use the terms "honey," "love," or "baby." Defs.' R. 56.1 Statement ¶ 31; accord 3d Opp. at *8. He considered her use of these terms to be "normal." Defs.' R. 56.1 Statement ¶ 32; see also 3d Opp. at *8 ("No[,] didn't think to [sic] much of it[.]"). He did not consider Colon's use of these terms to be intimidating, hostile, or offensive, or that her use of these terms made it more difficult for him to do his job. See Defs.' R. 56.1 Statement ¶¶ 34-37.

While plaintiff purports to dispute defendants' characterization of his attitude towards Colon's use of the terms "honey," "love," or "baby," see 3d Opp. at *8, this characterization is drawn directly from his sworn testimony. See Deposition of Derick L. Williams, annexed as Ex. I to Defs.' Rule 56.1 Statement (Docket # 134-9), at 28:25-29:17 ("Williams Dep."). The following exchange occurred at his deposition:

> Q. We talked earlier about your job duties in maintenance. Did her [Colon] calling you love, baby, or honey make it harder to do your job?
> A. In no way.
> Q. Okay. Did it, you know, create an intimidating environment for you? Were you scared of Ms. Colon?
> A. Pardon me for laughing, but I'm not intimidated of anyone.
> Q. Okay. Do you find the words love, baby, or honey intimidating?
> A. No.
> Q. Do you find love, baby — or the words love, baby, or honey hostile?
> A. No, I don't find it — no.

Q. Were you offended ever when she called you love, baby, or honey?
A. No. Because once she said it, she's going her way and I'm going my way, so.

Id. Because "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that . . . contradicts . . . the affiant's previous deposition testimony," Bickerstaff v. Vassar Coll., 196 F.3d 435, 455 (2d Cir. 1999), the Court accepts plaintiff's deposition testimony on this topic as true. Moreover, plaintiff's assertions that contradict his deposition are not even sworn.

On March 31, 2022, Breaking Ground fired plaintiff. Defs.' R. 56.1 Statement ¶ 21. Defendants state that plaintiff was fired "due to his pattern of behavior and his harassment of Colon." Id. To support this contention, defendants cite to Williams' termination notice. See Termination Letter, annexed as Exhibit C to Defs.' Rule 56.1 Statement (Docket # 134-3). The notice says that plaintiff had made comments about the "body and physical appearance" of a "Case Manager from CUCS" — apparently referring to Colon — and that on a later occasion, he had "reached out to her and touched her arm." Id. The notice states that there had been a review of "cameras" that "confirmed what she alleged both verbally and [in the] statement she submitted." Id. The notice refers to a previous meeting involving plaintiff in which a supervisor "discussed with [Williams] the importance of not touching others/business etiquette." Id. It refers further to "several events prior in which [Williams] touched (tapped on the elbow)" Islamovic. Id. The notice concludes that Williams did not "maintain a professional decorum" and would be terminated because of his "inappropriate behavior/contact" that amounted to "Sexual Harassment." Id.

Plaintiff disputes that Breaking Ground fired him "due to his pattern of behavior and his harassment of Colon," Defs.' R. 56.1 Statement ¶ 21, claiming its is "not true," 3d Opp. at *6, but providing no evidence to support his denial.

6

B.  Procedural History

Plaintiff filed his original complaint on October 12, 2022.  See Compl.  He twice amended his complaint.  See Amended Complaint, filed March 1, 2023 (Docket # 5); Second Amended Complaint, filed October 30, 2023 (Docket # 34) ("SAC").  The second amended complaint alleges that plaintiff was unlawfully fired from his job with Breaking Ground after reporting sexual harassment and the presence of "flammable material in a jug of gas," and that he himself was subject to sexual harassment.  See SAC; Williams v. Breaking Ground Hous. Dev. Fund Corp., 2024 WL 2882122, at *1 (S.D.N.Y. June 6, 2024).

On November 9, 2023, defendants moved to dismiss the SAC.  See Notice of Motion to Dismiss, filed Nov. 9, 2023 (Docket # 36).  The motion was granted in part and denied in part. See Williams, 2024 WL 2882122, at * 3.  The Court ruled that plaintiff's hostile-work-environment and retaliation claims against Breaking Ground under Title VII could go forward, along with his claims against all defendants for hostile-work-environment and retaliation under the NYSHRL and the NYCHRL, and for retaliation under the NYLL.  Id. at *3.

Following the close of discovery, defendants filed a motion for summary judgment.  See Notice of Motion for Summary Judgment, filed June 30, 2025 (Docket # 117).  After defendants' motion was fully briefed, the Court became aware that defendants had not complied with Local Civil Rule 56.2.  See Order, dated October 15, 2025 (Docket # 129) ("October 15 Order"). Accordingly, we ordered defendants' motion re-briefed.  See id.  Re-briefing is now complete, and the docket shows that defendants served plaintiff with the materials required by Local Civil Rule 56.2, see Aff.

In one of his submissions, plaintiff asserts that the instant motion is "untimely" under "a scheduling order setting September 12, 2025 as the deadline for dispositive motions."  1st Opp.

at *2.  We are unaware of any order setting September 12, 2025, as a deadline for defendants' summary judgment motion.  The October 15 Order required defendants to "file and serve their motion in proper form on or before October 22, 2025."  October 15 Order at 1.  Defendants filed and served their motion on October 15, 2025.  See Mot.; Aff.  Therefore, the motion is timely.

II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 56(a) states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In assessing whether there exists a genuine dispute of material fact, "[t]he evidence of the non-movant is to be believed," and the court must draw "all justifiable inferences" in the nonmoving party's favor.  Id. at 255 (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

If the movant has shown that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law, then "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)), without "rely[ing] on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 532-33 (2d Cir. 1993) ("conclusory statements" or "mere allegations" are not sufficient to defeat summary judgment) (citations and internal quotation marks omitted).  In other words, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor."  Anderson, 477 U.S. at 256.

"When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (cleaned up) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).

III.    DISCUSSION

   A.  Hostile-Work-Environment Claims

The Court previously determined that "Williams's complaint . . . alleges discrimination on the basis of sex, that is, sexual harassment that resulted in a hostile work environment." Williams, 2024 WL 2882122, at *3.

"[A] hostile work environment claim under [federal or New York law]" requires "evidence that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Knox v. CRC Mgmt. Co., LLC, 134 F.4th 39, 51 (2d Cir. 2025) (quoting Williams v. N.Y.C. Hous. Auth., 61 F.4th 55, 68 (2d Cir. 2023)) (second alteration in original).  Insufficiently severe or pervasive conduct — that which does not create "an objectively hostile or abusive work environment" — "is beyond Title VII's purview." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  This "can be determined only by looking at all the circumstances." Id. at 23. Additionally, "if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation." Id. at 21-22.

Here, there is no genuine dispute as to plaintiff's subjective experience of the terms "honey," "love," and "baby," as used by Colon.  He specifically testified that he did not consider her use of these terms to be "intimidating," "hostile," or "offen[sive]," and denied that her use of these terms made it more difficult for him to do his job.  See Williams Dep. at 28:25-29:17.  Because Williams "d[id] not subjectively perceive [his] environment to be abusive, [Colon's] conduct [did] not actually alter[] the conditions of [Williams'] employment, and there is no Title VII violation" (or violation of the NYSHRL).  Harris, 510 at 21.

"A plaintiff alleging a hostile work environment has a lower burden" under the NYCHRL.[4]  Williams, 61 F.4th at 69.  As the Second Circuit has explained, New York City

> amended the NYCHRL to require a liberal construction of its amendments "for the accomplishment of the [NYCHRL's] uniquely broad and remedial purposes . . . , regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of [the NYCHRL], have been so construed."  Restoration Act § 7 (amending N.Y.C. Admin. Code § 8–130).

Velazco v. Columbus Citizens Found., 778 F.3d 409, 410 (2d Cir. 2015) (alterations in original).

"For a NYCHRL claim to survive summary judgment, the plaintiff need only show that her employer treated her 'less well than other employees,' at least in part for a discriminatory reason."  Williams, 61 F.4th at 69 (quoting Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,

---

[4] Historically, hostile-work-environment claims under Title VII and the NYSHRL were "governed by the same standard."  Summa v. Hofstra Univ., 708 F.3d 115, 124 (2d Cir. 2013).  But the NYSHRL was amended in 2019, and "[t]he requirements of the NYSHRL after the 2019 amendment are still developing."  Maxius v. Mount Sinai Health Sys. Inc., 2024 WL 4166157, at *9 (S.D.N.Y. Sept. 12, 2024).  "[S]ome courts in this Circuit have interpreted the amendment as rendering the standard for claims [under the NYSHRL] closer to the standard of the NYCHRL."  Cooper v. Franklin Templeton Invs., 2023 WL 3882977, at *3 (2d Cir. June 8, 2023).  Whether the NYSHRL still tracks the standard of Title VII or now tracks the standard of the NYCHRL matters not for our purposes, as plaintiff's claims fail under either standard.

715 F.3d 102, 110 (2d Cir. 2013)).  However, the Second Circuit has cautioned that "the NYCHRL is not a general civility code" and that

> even if "the plaintiff establishes that she was treated less well because of her [protected characteristic], defendants may assert an affirmative defense whereby [they] can still avoid liability if . . . the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences."

Id. (quoting Mihalik, 715 F.3d at 110-11) (alterations in original).

Here, "a reasonable victim" would consider Colon's use of the terms "honey," "love," or "baby" in passing to be "petty slights and trivial inconveniences" at most — a conclusion bolstered by the fact that plaintiff himself viewed the terms as being entirely innocuous.

Accordingly, defendants are entitled to summary judgment with respect to plaintiff's hostile-work-environment claims.

B.  Retaliation Claims

Following the ruling on the motion to dismiss, what remains of plaintiff's retaliation claims are the allegations that he was fired in violation of Title VII, the NYSHRL, and the NYCHRL for "reporting sexual harassment" and in violation of the NYLL for "reporting safety concerns."  Williams, 2024 WL 2882122, at *3.  The safety concern was the presence of "flammable material in a jug of gas," which Williams claims he reported to OSHA and to Islamovic.  Id. at *1 (quoting Compl.).

1.  Title VII, NYSHRL, NYCHRL Retaliation Claims

To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate "that (1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity."  Goldzweig v. Consol. Edison Co.

of New York, Inc., 2026 WL 21005, at *3 (2d Cir. Jan. 5, 2026) (quoting Summa, 708 F.3d at 125).

"The NYCHRL takes a broader approach" to retaliation. Id. at *4. "[T]o state a claim for retaliation under the NYCHRL, a plaintiff must show that he took action opposing his employer's discrimination and that, as a result of his opposition, 'the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.'" Gehlaut v. New York City Dep't of Educ., 2025 WL 2586770, at *2 (2d Cir. Sept. 8, 2025) (quoting Mihalik, 715 F.3d at 112). In Gehlaut, the Second Circuit suggested that the 2019 amendment to the NYSHRL requires courts to "construe claims for retaliation under the NYSHRL to align with the NYCHRL[]." Id. (citation and internal quotation marks omitted). We thus consider these statutes together.

While "the standards for liability vary" under Title VII, the NYSHRL, and the NYCHRL, retaliation claims under these laws are all "analyzed under the three-step burden shifting framework set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Gahfi v. New York City Dep't of Educ., 2026 WL 141907, at *2 (E.D.N.Y. Jan. 20, 2026) (citations omitted). "Under this framework, the plaintiff bears the initial burden to establish a prima facie case of retaliation." Ya-Chen Chen v. City Univ. of New York, 805 F.3d 59, 70 (2d Cir. 2015). "This showing creates a presumption of retaliation, which the defendant may rebut by articulating a legitimate, non-retaliatory reason for the adverse employment action." Id. (citation omitted) (cleaned up). "If the defendant provides such an explanation, the presumption of retaliation dissipates, and the plaintiff must prove that the desire to retaliate was the but-for cause of the challenged employment action" under Title VII, id. (citations omitted) (cleaned up), or, under the NYSHRL and the NYCHRL, that either "the employer's stated reason

12

. . . is entirely pretextual" or the employer was motivated at least in part by "the desire to discriminate," id. at 76 n.13 (citing Holcomb v. Iona Coll. 521 F.3d 130, 141-42 (2d Cir. 2008)).

"Despite th[is] framework . . . Second Circuit case law makes clear that the Court may simply assume that the plaintiff has established a prima facie case and skip to the final step in the McDonnell Douglas analysis" where, as here, "the employer has articulated a legitimate — and in this case non-retaliatory — reason for the adverse employment action." Sivio v. Vill. Care Max, 436 F. Supp. 3d 778, 800 (S.D.N.Y. 2020) (collecting cases). Breaking Ground terminated plaintiff "due to his pattern of behavior and his harassment of Colon." Defs.' R. 56.1 Statement ¶ 21. And it is undisputed that plaintiff touched Colon in a manner that Colon claimed made her feel uncomfortable on at least one occasion and that Colon reported being harassed by plaintiff on other occasions. See id. ¶¶ 6, 9.

At step three of the McDonnell Douglas analysis, summary judgment for the defendant is required under Title VII if the plaintiff "cannot show that retaliation was the 'but-for' cause of his . . . termination." Montanez v. McDean LLC, 770 F. App'x 592, 595 (2d Cir. 2019). A plaintiff may make this showing by setting forth "weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action" that would allow the inference that the employer's reasons were "a pretext for a prohibited reason." Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846 (2d Cir. 2013) (collecting cases). Here, plaintiff offers literally no plausible explanation as to why the decision to fire him was taken with animus and in retaliation for reporting sexual harassment by Colon. To the extent plaintiff relies solely on the temporal proximity between his report and his firing to create a triable issue on "but-for" causation, we reject any such effort because the Second Circuit has held that temporal proximity "alone is insufficient to defeat summary judgment" at step three of the

McDonnell Douglas analysis.  Id. at 847.  Furthermore, the significance of any temporal proximity is lessened because plaintiff essentially created that temporal proximity given that the alleged sexual harassment he experienced preceded the touching incident, but Williams reported the alleged sexual harassment only after Colon had made her own complaint against him.  See Defs.' R. 56.1 Statement ¶¶ 12-13; 3d Opp. at *5.

The standard under the NYSHRL and the NYCHRL differs from Title VII in that "summary judgment is appropriate if no reasonable jury could conclude either that the defendant's reasons were pretextual" or that these reasons were "not its sole basis for taking action, and that its conduct was based at least in part on discrimination."  Ya-Chen Chen, 805 F.3d at 76 (citations omitted) (cleaned up).  "In other words, summary judgment is appropriate if 'the record establishes as a matter of law' that discrimination or retaliation 'play[ed] no role' in the defendant's actions."  Id. (quoting Mihalik, 715 F.3d at 110 n.8) (alteration in original).  "However, even under th[is] more relaxed . . . standard, when 'Plaintiff's sole evidence of pretext' is 'the temporal proximity between Plaintiff's complaints and Defendants' discipline,' a [NYSHRL or] NYCHRL retaliation claim cannot survive summary judgment if the employer has shown a non-retaliatory reason for the plaintiff's mistreatment."  Sivio, 436 F. Supp. 3d at 802 (quoting Tomizawa v. ADT LLC, 2015 WL 5772106, at *32 (E.D.N.Y. Sept. 29, 2015)).  Here, there is no evidence at all or even a reasonable inference that Williams' firing was for any reason other than the reasons given in the termination.  Thus, a reasonable jury could not find that a desire to discriminate or retaliate was the true reason for Williams' firing.

Accordingly, defendants are entitled to summary judgment with respect to plaintiff's retaliation claims based on his reporting sexual harassment.

14

2.  NYLL Retaliation Claims

"[A] plaintiff alleging retaliation under the . . . NYLL 'must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant . . . (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action.'" Williams v. Harry's Nurses Registry, Inc., 2025 WL 842041, at *3 (2d Cir. Mar. 18, 2025) (quoting Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010)).  If a prima facie case is established, then the case proceeds to steps two and three of the McDonnell Douglas framework.  See Fox v. Starbucks Corp., 2023 WL 407493, at *1 (2d Cir. Jan. 26, 2023).

Here, there is no genuine dispute that defendants were not aware of plaintiff's report to OSHA regarding the gas can until this lawsuit was filed.  See Defs.' R. 56.1 Statement ¶ 27. Although plaintiff's opposition states "I don't [k]ow about that," 3d Opp. at 7, this is not sufficient to create a genuine dispute of material fact.  See Matsushita Elec. Indus. Co., Ltd., 475 U.S. at 586 (casting "metaphysical doubt" on the movant's evidence will not suffice).  As defendants did not know of plaintiff's report to OSHA at the time of his firing, there can be no "causal connection between the protected activity and the adverse employment action." Williams, 2025 WL 842041, at *3.

On the other hand, it is undisputed that defendants were aware of plaintiff's report to Islamovic regarding the gas can.  See Defs.' R. 56.1 Statement ¶¶ 24, 29; accord 3d. Opp. at *7. Assuming arguendo that plaintiff's report was a protected activity, the "causal connection needed for proof of a retaliation claim can be established indirectly by showing that [it] was closely followed in time by the adverse action," as here.  Cifra v. Gen. Elec. Co., 252 F.3d 205, 217 (2d Cir. 2001) (citation and internal quotation marks omitted).  However, "[i]n this Circuit, an

15

inference of causation is defeated . . . if there was an intervening causal event that occurred between the protected activity and the allegedly retaliatory discharge." Yarde v. Good Samaritan Hosp., 360 F. Supp. 2d 552, 562 (S.D.N.Y. 2005) (citation omitted); see also Ziparo v. CSX Trans., Inc., 160 F.4th 314, 336 (2d Cir. 2025) ("[C]ourts should . . . consider not only the 'passage of a significant amount of time,' but also whether 'some legitimate intervening event' severs the causal connection.") (quoting Feldman v. Law Enf't Assocs. Corp., 752 F.3d 339, 348 (4th Cir. 2014)).  Colon's complaint about plaintiff (a month or so after plaintiff's report to Islamovic regarding the gas can) defeats the inference of causation here.  Even if it did not — that is, even if plaintiff established a prima facie case of retaliation —his inability to put forward any evidence that his firing was pretextual dooms his claim.  Plaintiff has failed to "proffer more than 'a scintilla' of evidence that [defendants] fired him with retaliatory intent."  Habib v. Allied Universal Exec. Prot. & Intel. Servs., Inc., 795 F. Supp. 3d 406, 441 (E.D.N.Y. 2025) (quoting Anderson, 477 U.S. at 252)).  "[T]he timing of the events here . . . [is] simply not enough for this case to go forward in light of [Breaking Ground's] showing of non-pretextual reasons for its actions and Plaintiff's failure to advance sufficient evidence of retaliatory intent."  Id.

Accordingly, defendants are entitled to judgment as a matter of law with respect to plaintiff's retaliation claims based on his reporting safety concerns.

CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Docket # 131) should be granted.  To the extent plaintiff's opposition papers — that is, "Motion for Trial by Jury" (Docket # 138), "Motion for Jury Trial" (Docket #142), "Motion" (Docket # 143), and "Motion to Demand Jury Trial" (Docket # 144) — are intended to constitute motions, these motions should be denied, and the Clerk should enter judgment dismissing this case.

16

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b), the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  See also Fed. R. Civ. P. 6(a), 6(b), 6(d).  A party may respond to any objections within 14 days after being served.  Any objections and responses shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections or responses must be directed to Judge Subramanian.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72; Thomas v. Arn, 474 U.S. 140, 155 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  February 12, 2026
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

17