UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                    :

Derick L. Williams,                              :
                                    :

                Plaintiff,          :            22-CV-8715 (AS)
                                    :

      -v-                              :         <u>ORDER ADOPTING</u>
                                    :           <u>REPORT AND</u>
Breaking Ground Housing Development Fund    :      <u>RECOMMENDATION</u>
Corporation,                              :
                                    :

                Defendant.       :
                                   X

------------------------------------------------------------------------
ARUN SUBRAMANIAN, United States District Judge:

The motion for summary judgment was referred to Magistrate Judge Gorenstein for a Report and Recommendation. *See* Docket No. 70. In the Report and Recommendation filed on February 12, 2026, Judge Gorenstein recommended that the motion be granted. *See* Docket No. 152.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 152. In addition, the Report and Recommendation expressly called Williams's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).

Williams requested an extension of time for medical reasons in a letter that was postmarked on February 26, 2026. Dkt. 153. Williams did not specify how long he needed an extension for, nor did he file a formal motion, but the Court will consider his objections postmarked March 5, 2026, as if they were timely submitted. Dkt. 155.

Williams's objections do not refer to any part of the Report and Recommendation to which he takes objection. "Objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quotation omitted). Accordingly, Williams has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation *de novo*, and finds the Report and Recommendation to be correctly decided, and well-reasoned and grounded in fact and law. The Court understands Williams to be challenging Breaking Ground's view of the video evidence in the case, but the Report and Recommendation noted that its holding did not rest in any way on the footage since Williams did not deny touching Colon. Dkt. 152 at 5. Thus, even if the Court were to consider Williams's objections, it would overrule them since they do not address the essential reasoning underlying the Report and Recommendation.

Accordingly, the Report and Recommendation is ADOPTED in its entirety. Breaking Ground's motion for summary judgment is GRANTED; Williams's motions are DENIED AS MOOT.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate Dkts. 131, 138, 142, 143, and 144, to enter judgment for defendant, and to close the case.

SO ORDERED.

Dated: April 14, 2026
     New York, New York

                                     ARUN SUBRAMANIAN
                                     United States District Judge

3